**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided September 20, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1574

| | |
|---|---|
| NOJIR JEFFRIES, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:17CV148-PPS/MGG |
| RON NEAL, Superintendent of Indiana State Prison, *Respondent-Appellee*. | Philip P. Simon, *Judge*. |

**O R D E R**

Nojir Jeffries, an inmate in Indiana State Prison, was sanctioned by the prison's disciplinary board after a hearing officer found him guilty of drug trafficking. Jeffries petitioned for habeas corpus relief under 28 U.S.C. § 2254, asserting that the State violated his constitutional rights by acting without sufficient evidence and failing to give him access to investigative information. The district court denied the petition and we affirm.

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Prison officials learned of Jeffries's involvement in drug trafficking after an officer discovered that he had illicitly possessed a cellphone and synthetic marijuana. An examination of the phone revealed that Jeffries had sent multiple messages asking individuals outside the prison to bring drugs to him. The messages also indicated that Jeffries had purchased synthetic marijuana and contained references to money transfers.

Upon being notified that a conduct hearing would be held, Jeffries sought access to the evidence against him. He asked for, among other items, the names of any persons involved in the trafficking. The hearing officer denied the request because "all [the] information was in a confidential [internal affairs] file."

At the disciplinary hearing, Jeffries again asked for the names of the persons with whom he was accused of trafficking. When the hearing officer denied the request, Jeffries got up and left—even after being informed that the hearing would continue in his absence. The hearing officer proceeded to find him guilty of drug trafficking and sentenced him to revocation of 180 days of earned sentence credits. Jeffries appealed the decision administratively and the appeal was denied.

He then petitioned for habeas corpus relief, alleging that there was insufficient evidence to convict him of drug trafficking and that he was denied access to information in the internal-affairs file in violation of due process. The district court denied Jeffries's petition, determining that the disciplinary board's decision was supported by sufficient evidence and that security concerns entitled the board to withhold evidence from Jeffries.

We turn first to Jeffries's argument that the prison acted without sufficient evidence. Although Jeffries has a protected liberty interest in his earned sentence credits, *see Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016), the decision to revoke them need be supported only by "some evidence"—a "meager threshold," *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). As long as this evidence "bear[s] some indicia of reliability," we will not disturb the disciplinary board's decision. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

This record contains "some evidence" that Jeffries was involved in drug trafficking. The cellphone, which he does not contest possessing, contained text messages about paying civilians to bring drugs to the prison, purchasing "tune" (which

an investigator determined referred to synthetic marijuana), and accepting unauthorized financial transactions.

Jeffries also maintains that the prison violated his due-process rights by denying him access to information in the internal-affairs file. He contends that the prison erred by not giving him at least a "detailed summary" of the information in the file prior to the disciplinary proceedings. But the decision to withhold this information did not violate due process because Jeffries was entitled only to exculpatory evidence, *see Jones*, 637 F.3d at 847–48; *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir. 2003), and our review of the internal-affairs file confirms that it contains no evidence contradicting the hearing officer's conclusion that Jeffries trafficked drugs.

AFFIRMED.